### (May 31, 1973)

■ JOSEPH RAE ENTERPRISES, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 52606.) — Appeal from a judgment of the Court of Claims, entered January 19, 1972, awarding claimant the sum of $46,525, plus interest. The 50% adjustment to claimant's appraiser's comparable sale No. 1, identified as "miscellaneous", cannot be sustained. Even if this factor was eliminated, however, the claimant's appraiser would still have established a per acre before value of $4,085. Claimant's appraiser's other adjustments were sufficiently explained so that their weight was a question of fact for the trial court. The State's appraiser testified as to a before value of $1,700 per acre, and there thus existed a range of testimony adequate to sustain the court's finding of a before value of $3,500 per acre. The award of $300 for consequential damages was not supported by evidence since claimant did not even attempt to prove injury to the remainder. This item must, therefore, be stricken from the award. Appellant's other contentions have been examined and found to be without merit. Judgment modified, on the law and the facts, by reducing the award to $46,225, plus interest, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM F. KARL, Respondent.— Appeal from an order of the County Court of Rensselaer County, entered June 27, 1972, which granted defendants' motion to dismiss the indictment. Defendant Karl and two others were indicted for robbery, second degree (Penal Law, § 160.10). The evidence before the Grand Jury that implicated defendant Karl in the robbery was supplied, in most part, by the investigating police officer. Karl had admitted being present at the time of the commission of the crime and implicated himself in the aspects of the actual robbery. CPL 190.65 (subd. 1) provides that a Grand Jury may indict when the evidence before it is legally sufficient to establish that such person committed such offense and competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense. Thus, what is now required is a prima facie case together with reasonable cause. When considering the testimony of the victim together with the admissions of the defendant Karl, it is clear that the evidence before the Grand Jury was sufficient to comply with the provisions of the statute. The objections raised by defendant are essentially matters which can be raised as defenses upon a trial. We conclude the indictment was improperly dismissed. Order reversed, on the law, and indictment reinstated. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.